**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GERARDO ARIAS, MIGUEL ASIG, LUIS BLANCO, SULMA PINSON, ROOSEVELT RIASCOS, JUAN ROSALES, YOLANDA TORRALBA, NELLY TORRES, and ENEIDA VASQUEZ, on behalf of themselves and all others similarly situated,<br><br>      *Plaintiffs*,<br><br>      v.<br><br>CITY OF PLAINFIELD, New Jersey; LETICIA VELEZ, individually and in her official capacity as Director of the Division of Inspections of the City of Plainfield; CYCLONE INVESTMENT GROUP, LLC; ARLINGTON 33 LLC; CYCLONE KENSINGTON 18 LLC; CYCLONE WEST 84 LLC; JANE DOE/JOHN DOE MANAGERS 1-99; and JANE DOE/JOHN DOE MANAGEMENT COMPANIES 1-99,<br><br>      *Defendants*. | Civil Action No. 25-03412<br><br>**OPINION**<br><br>May 27, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Defendants Cyclone Investment Group, LLC, Arlington 33, LLC, Cyclone Kensington 18, LLC, and Cyclone West 84, LLC's (collectively, "Defendants") Motion to Dismiss Plaintiffs Gerado Arias, Miguel Asig, Luis Blanco, Sulma Pinson, Roosevelt Riascos, Juan Rosales, Yolanda Torralba, Nelly Torres, and Eneida Vasquez's

1

(collectively, "Plaintiffs") Complaint. (ECF 1, "Compl."; ECF 20, "Motion" or "Mot.") Plaintiffs opposed the Motion. (ECF 33, "Opp.") Defendants filed a reply. (ECF 37, "Reply.") The Court has decided this Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**. Counts IV-VII of Plaintiffs' Complaint are **DISMISSED** without prejudice.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

This putative class action arises out of the alleged forced displacement of Plaintiffs from their homes in Plainfield, New Jersey. (Compl. ¶ 1.) Plaintiffs bring their suit against the City of Plainfield and Leticia Velez (collectively, the "Municipal Defendants") and Cyclone Investment Group, LLC, Arlington 33, LLC, Cyclone Kensington 18, LLC, and Cyclone West 84, LLC (collectively, the "Landlord Defendants," or, as here, "Defendants"). Plaintiffs bring three federal and state constitutional claims against the Municipal Defendants, alleging that they were illegally evicted from their homes in violation of their federal procedural and substantive due process rights (Counts I and II) and state procedural due process rights (Count III). (*Id.* ¶¶ 315-55.) At issue here is the Landlord Defendants' Motion to Dismiss the four counts Plaintiffs bring against them: (1) breach of the warranty of habitability (Count IV); (2) violation of the New Jersey Consumer Fraud Act (Count V); (3) failure to return security deposits in violation of N.J.S.A. § 46:8-19 (Count VI); and (4) breach of lease (Count VII). (*Id.* ¶¶ 356-96.) The background and procedural

---

[1] The facts and procedural history are drawn from the Complaint (Compl.) and documents integral to or relied upon by the Complaint, including Plaintiffs' brief in opposition to Defendants' Motion (Opp.) and Defendants' brief in reply (Reply). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of a motion to dismiss, the facts drawn from the Complaint are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

history below summarize the facts alleged in the Complaint that are pertinent to the Landlord Defendants' Motion to Dismiss Counts IV-Count VII of Plaintiffs' Complaint.

### A. The Parties

Plaintiffs are former residents of 701 Kensington Avenue, 705 Kensington Avenue, 709 Kensington Avenue, 715 Arlington Avenue, 717 Arlington Avenue, and 501 West 7th Street in Plainfield, New Jersey. (*Id.* ¶¶ 10-18.)

Defendant Cyclone Investment Group, LLC ("Cyclone") is a national real estate acquisition and management firm that directly and indirectly owns and/or manages eight thousand residential units across the United States. (*Id.* ¶ 21.) Agents and/or principals of Cyclone created and/or managed limited liability corporations to purchase and operate at least three properties in Plainfield. (*Id.* ¶ 23.) Defendant Arlington 33 LLC ("Arlington") is an affiliate or subsidiary of Cyclone, with which it shared common principals and/or agents, and which at all relevant times owned 715–725 Arlington Avenue ("the Arlington buildings") in Plainfield. (*Id.* ¶ 24.) Defendant Cyclone Kensington 18 LLC ("Kensington") is an affiliate or subsidiary of Cyclone, with which it shared common principals and/or agents, and which at all relevant times owned 701–711 Kensington Avenue ("the Kensington buildings") in Plainfield. (*Id.* ¶ 25.) Defendant Cyclone West 84 LLC ("West") is an affiliate or subsidiary of Cyclone, which shared common principals and/or agents, and which at all relevant times owned 501–515 West 7th Street ("the West buildings") in Plainfield. (*Id.* ¶ 26.)

### B. The Buildings

#### i.   The Kensington Buildings

Defendant Kensington purchased the Kensington buildings in or around November 2020. (*Id*. ¶ 37.) Plaintiffs allege that they raised concerns about the condition of the Kensington

3

buildings with agents of the Landlord Defendants, and that the Landlord Defendants did nothing to address their concerns. (*Id*. ¶¶ 44-45.) Specifically, Plaintiffs Sulma Pinson, Gerardo Arias, Juan Rosales, Nelly Torres, and Eneida Vasquez informed the Landlord Defendants of hazardous conditions such as rainwater flooding, infestations of rats and insects, persistent ceiling leaks, and periods without heat, and allege that the Landlord Defendants took no action to repair the issues. (*Id*. ¶¶ 150-51, 198-99, 217.) The City of Plainfield (the "City") also inspected the Kensington Buildings in 2023 and issued hundreds of notices of violations of the Plainfield Property Maintenance Code ("PPMC"). (*Id*. ¶¶ 46-47.) The violations included defective plumbing, uncapped sewer pipes, damaged or missing radiators, excessive and hazardous mold, damaged and leaking roofs, and unsecure electrical outlets. (*Id*. ¶ 47.)

ii.  The Arlington Buildings

Defendant Arlington purchased the Arlington buildings in or around February 2019. (*Id*. ¶ 50.) Prior to Defendant Arlington's purchase, the New Jersey Department of Community Affairs (NJDCA) conducted an inspection of the Arlington buildings in 2017 which revealed issues regarding the buildings' exteriors, potholes, needed kitchen repairs, doors, blocked fire escapes, and the need for bathroom repairs. (*Id*. ¶ 53.) Plaintiffs allege that the Landlord Defendants were on notice of the unhealthy and dangerous conditions at the Arlington buildings when they made the purchase and did little or nothing to address the conditions. (*Id*. ¶¶ 54-55.)

In April 2023, NJDCA completed a scheduled cyclical inspection of the Arlington buildings, and issued two hundred thirty violations of the New Jersey Administrative Code (NJAC). (*Id*. ¶ 56.) The City inspected the Arlington buildings again in August 2023 and issued thirty-seven PPMC violations. (*Id*. ¶ 57.) The violations included defective plumbing, uncapped sewer pipes, damaged or missing radiators, excessive and hazardous mold, damaged and leaking

4

roofs, and unsecure electrical outlets. (*Id*.) For example, the Landlord Defendants were aware that Plaintiff Miguel Asig experienced conditions such as leaky radiators, a lack of heat and hot water, a lack of both hot and cold water, and broken windows. (*Id*. ¶¶ 257-58.)

### iii. The West Buildings

Defendant West purchased 501 West 7th in or around October 2021. (*Id*. ¶ 60.) The Complaint does not clarify when 515 West 7th was purchased. NJDCA conducted a cyclical inspection of the West Buildings in May 2021 which resulted in four hundred forty-six NJAC violations, including, but not limited to, issues regarding the building's exteriors, the need for bathroom repairs, uneven ceilings, insufficient electrical outlets in the kitchens, and the need for new paint. (*Id*. ¶ 63.) Plaintiffs allege that the Landlord Defendants were on notice of the unhealthy and dangerous conditions of 501 West 7th both at the time of their purchase and throughout their ownership, and did little or nothing to address them. (*Id*. ¶ 64.) For example, the Landlord Defendants were aware that Plaintiffs Yolanda Torralba and Luis Blanco experienced a lack of heat, hot and cold water, persistent mold, collapsed ceilings, loose trash and glass, broken shelving, and broken locks. (*Id*. ¶ 274.)

The City inspected 501 West 7th in August 2023 and issued at least twenty PPMC violations, including, but not limited to, defective plumbing, uncapped sewer pipes, damaged or missing radiators, excessive and hazardous mold, damaged and leaking roofs, and unsecure electrical outlets. (*Id*. ¶ 67.) NJDCA reinspected both West buildings in April 2024, and issued three hundred ninety-eight NJAC violations. (*Id*. ¶ 66.)

### C. The Closures

Plaintiffs allege that the Municipal Defendants, who were or should have been aware of the conditions of the Kensington, Arlington, and West buildings (collectively, "the Buildings")

prior to the Landlord Defendants' purchases, did not take any actions requiring the Landlord Defendants to remediate the conditions separate from forcible displacement. (*Id*. ¶ 68.)

After a series of temporary shutdowns and re-openings, the Municipal Defendants condemned and began the process of shutting down the Buildings in May 2023. (*Id*. ¶¶ 73, 81.) Specifically, the Municipal Defendants closed the Kensington buildings in May 2023, the Arlington buildings in June 2023, and 501 West 7th in August 2023. (*Id*. ¶¶ 86, 88-91, 95-96.)

Plaintiffs who resided in the Kensington buildings, Sulma Pinson, Gerardo Arias, Juan Rosales, Nelly Torres, and Eneida Vasquez, allege that the Landlord Defendants never refunded the rent that they paid for May 2023, the month of their alleged displacement, nor have they returned their security deposits. (*Id*. ¶¶ 145, 147, 169-70, 172, 192-93, 195, 212-13, 215, 231-32.) Plaintiffs who resided in the Arlington buildings, Roosevelt Riascos and Miguel Asig, similarly allege that the Landlord Defendants never refunded the rent that they paid for June 2023, the month of their alleged displacement, nor have they returned their security deposits. (*Id*. ¶¶ 234, 251-52, 254, 268-69.) Finally, Plaintiffs who resided in 501 West 7th Street, Yolanda Torralba and Luis Blanco, also allege that the Landlord Defendants never refunded the rent that they paid for June 2023, the month of their alleged displacement, nor have they returned their security deposits. (*Id*. ¶¶ 271, 296-97.)

### D. Procedural History

Plaintiffs filed their class action Complaint against the Municipal and Landlord Defendants on April 28, 2025. (Compl.) The Municipal Defendants filed an Answer on July 25, 2025. (ECF 16, "Answer.") The Landlord Defendants filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on September 8, 2025. (Mot.) Plaintiffs

opposed the Motion on November 17, 2025.  (Opp.)  Defendants filed a reply on December 8, 2025.  (Reply.)

## II.   LEGAL STANDARD

### A.  Rule 12(b)(1)

Federal Rule of Civil Procedure Rule 12(b)(1) permits courts to dismiss actions for a lack of subject matter jurisdiction, such as supplemental jurisdiction.  *Troncone v. Velahos*, No. 10-2961, 2012 WL 3018061, at *6 (D.N.J. July 23, 2012).  "When there is an absence of independent subject matter jurisdiction, a court may extend supplemental jurisdiction over claims that lack an independent basis of jurisdiction if those claims 'are so related to claims' within the court's jurisdiction 'that they form part of the same case or controversy under Article III of the United States Constitution."  *Troncone*, 2012 WL 3018061, at *7 (citing 28 U.S.C. § 1367).  The test requires a finding that "(1) [t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court; (2) [t]he state and federal claims must derive from a common nucleus of operative fact; and (3) considered without regard to their federal or state character, a plaintiff[']s claims are such that he would ordinarily be expected to try them all in one judicial proceeding."  *Ojo v. Milrose 179 Harrison, LLC*, No. 20-00949, 2022 WL 3670840, at *2 (D.N.J. Aug. 25, 2022) (internal citations and quotations omitted).  Here, "the central concern of Defendants' motion to dismiss is whether Plaintiffs' state-law claims share a common nucleus of operative fact with the claims that supported the district court's original jurisdiction."  *Id.* (internal citations and quotations omitted).   The Supreme Court has explained that, in such cases, supplemental jurisdiction "lies in consideration of judicial economy, convenience and fairness to litigants."  *Id.*; *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

**B.  Rule 12(b)(6)**

Federal Rule of Civil Procedure Rule 12(b)(6) permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### C. Rule 8

Federal Rule of Civil Procedure Rule 8(a)(2) provides that any pleading that includes a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"Complaints that violate Rule 8 are often referred to as shotgun pleadings." *Cambridge Mutual Fire Ins. Co. v. Stihl Inc.*, No. 22-05893, 2023 WL 5928319, at *2 (D.N.J. Sept. 12, 2023) (internal quotations omitted). The four categories of shotgun pleadings include complaints that "(i) contain multiple counts where each count adopts the allegations of all preceding counts; (ii) are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (iii) do not separate into each count each cause of action or claim for relief; and (iv) assert multiple claims against multiple defendants without specifying which of them are responsible for which acts or omissions." *Id.* Shotgun pleadings all share one common characteristic: the "failure to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* (internal quotations and citations omitted).

## III.   ANALYSIS

### A. Defendants' Motion to Dismiss Counts IV-VII for Lack of Supplemental Jurisdiction (Rule 12(b)(1)).

Defendants ask this Court to dismiss Plaintiffs' four state law claims for lack of supplemental jurisdiction. (Mot. at 1.) Defendants allege Plaintiffs' state law claims do not share a "common nucleus of operative fact" with Plaintiffs' federal constitutional claims, of which this Court maintains federal question jurisdiction. (*Id.* at 1-2.) Specifically, Defendants argue that Plaintiffs' claims regarding the conditions of their homes and their entitlement to receive rent refunds and security deposits "pla[y] no role in the [C]ourt's decision whether the Municipal Defendants violated Plaintiffs' constitutional rights when they illegally condemned them." (*Id.* at

7.)  In response, Plaintiffs argue that the "conditions under which the Landlord Defendants maintained Plaintiffs' homes gave rise to the Municipal Defendants' actions, and that the damages from the displacement—including the unreturned security deposits and rent—are directly attributable, in part, to the Landlord Defendants' conduct."  (Opp. at 13.)

The Court agrees with Plaintiffs.  Plaintiffs' federal constitutional claims against Municipal Defendants arise from their allegations that the Landlord Defendants failed to maintain habitable conditions in their homes: if not for the conditions, the Municipal Defendants would not have condemned their homes.  (*See, e.g.*, *Testa v. Hoban*, No. 17-1618, 2018 WL 623691, at *6 (D.N.J. Jan. 30, 2018) (denying insurance companies' motion to dismiss a plaintiff's state law claims alleging they failed to investigate his mother's death for lack of supplemental jurisdiction since the claims arose out of the plaintiff's federal claims against city defendants for causing his mother's death).  In turn, Plaintiffs' allegations that the Landlord Defendants failed to return their security deposits and refund their rent stem from their claims that they were unconstitutionally displaced from their homes by the Municipal Defendants: if not for their displacement, they would not be entitled to lost rent and security deposits.  *See id.*

The Court concludes Plaintiffs' state law claims against the Landlord Defendants arise out of the same "common nucleus of operative fact" as their claims against the Municipal Defendants, and that exercising supplemental jurisdiction would further "judicial economy, convenience and fairness to litigants."  *See Ojo*, 2022 WL 3670840, at *2.  Defendants' Motion to Dismiss Counts IV-VII of Plaintiffs' Complaint against the Landlord Defendants pursuant to Rule 12(b)(1) is therefore **DENIED**.

10

**B. Defendants' Motion to Dismiss Counts IV-VII For Failure to Plead Claims with Sufficient Specificity (Rules 12(b)(6) and 8).**

Defendants also ask this Court to dismiss Plaintiffs' state law claims against them for failing to "allege the factual predicate for each claim as to each [D]efendant." (Mot. at 8.) Defendants specifically allege that Plaintiffs' Complaint "violates Rule 8 and the general prohibition against shotgun pleadings because multiple claims are asserted against multiple defendants without specifying what defendants are responsible for what acts or omissions." (*Id.* at 10.) Plaintiffs argue that the Complaint in fact "identifies each property at issue, including when the LLC Landlord acquired the property, how it responded (or failed to respond) to Plaintiffs' concerns about the conditions at the property, and how each LLC Landlord is connected to Cyclone, the parent company." (Opp. at 18-19.)

As described above, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant has "fair notice of what the … claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. Mere "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at \*2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When several defendants are named in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. Cnty. of Hunterdon*, No. 12-6804, 2013 WL 1163751, at \*3 (D.N.J. Mar. 19, 2013). A complaint that contains "impermissibly vague group pleading" will be dismissed "because it does not place Defendants on notice of the claims against each of them." *Id.*; *Baldeo v. City of Paterson*, No. 18-5359, 2019 WL

11

277600, at *4 (D.N.J. Jan. 18, 2019) (quoting *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015)).

Here, Plaintiffs fail to plead specific facts as to each Landlord Defendant's involvement in the alleged wrongdoings.  While the Complaint identifies each Landlord Defendant, (Opp. at 18-19; *see generally* Compl.), it repeatedly makes allegations by grouping the "Landlord Defendants" together and fails to specify the offenses attributable to or actions taken by each individual Defendant. (*See, e.g.*, Compl.  ¶¶ 5, 4-5, 54-55, 64, 150, 169-71, 192-93.)  Further, while the Complaint describes Defendants Kensington, Arlington, and West's connections to the Buildings, it only makes vague statements as to Cyclone's connection to the Buildings and Plaintiffs.  (*Id.* ¶ 21 ("Cyclone owns and/or manages, directly or in directly, eight thousand residential units across the country"), ¶ 38 (it is evident that [Kensington] is either a subsidiary of Cyclone or a related company without any unique employees or independent business function), ¶ 51 (same with respect to Arlington), ¶ 61 (same with respect to West).)

The Complaint here does not sufficiently "give the defendants adequate notice of the claims against them …."  *Cambridge Mutual Fire Ins. Co.*, 2023 WL 5928319, at *2 (internal quotations and citations omitted).  Therefore, Defendants' Motion to Dismiss Counts IV-VII of Plaintiffs' Complaint against the Landlord Defendants pursuant to Rule 12(b)(6) and Rule 8 is **GRANTED**.[2]  Counts IV-VII of Plaintiffs' Complaint are **DISMISSED** without prejudice.

### C.  Plaintiffs' Request for Leave to Amend the Complaint

Federal Rule of Procedure 15(a)(2) provides that a party may amend its pleadings with "the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The Rule grants

---

[2] Defendants also moved to dismiss Count V of Plaintiffs' Complaint pursuant to Rule 9(b)'s heightened pleading standard. (Mot. at 13-16.)  Given that the Court grants Defendants' Motion under Rule 12(b)(6) and Rule 8, the Court refrains from engaging in Rule 9(b) analysis at this time.

the Court liberal discretion to "give leave when justice so requires." *Id.* "Generally, there is a presumption in allowing the moving party to amend its pleadings." *Donovan v. W. R. Berkley Corporation*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021). The Court maintains discretion to deny a request to amend "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mutual Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). Plaintiffs request leave to amend the Complaint should the Court find its pleadings inadequate, which it has. (Opp. at 30.)

Here, Defendants make no allegations that Plaintiffs have demonstrated undue delay, bad faith, dilatory motives, or that amendment would be futile or prejudicial. *See Fraser*, 352 F.3d at 116. In fact, Defendants themselves indicate that they consent to Plaintiffs amending the Complaint. (Mot. at 8 ("This is inadequate under *Rule* 8, though Plaintiffs can plausibly replead such that their amended complaint would conform."); Reply at 9 ("And Plaintiffs' NJCFA claim requires dismissal with the opportunity for Plaintiffs to replead.").)

The Court grants Plaintiffs leave to file an amended complaint alleging additional facts in support of each individual Landlord Defendant's specific involvement in the claims outlined in Counts IV-VII. *See In re CorMedix Inc., Securities Litig.*, No. 21-14020, 2024 WL 1214382, at *1-2 (D.N.J. Mar. 21, 2024) (granting a plaintiff's request for leave to amend his complaint even though he sought leave in his opposition to the defendants' motion to dismiss and not in a formal motion).

13

IV.    **CONCLUSION**

For the reasons stated above, Counts IV-VII of Plaintiffs' Complaint are **DISMISSED** without prejudice.  Plaintiffs have 30 days to file an amended complaint in accordance with this Opinion.  An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:      Clerk
cc:        Cari Fais, U.S.M.J.
           Parties

14